# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

**Todd F. Rasmussen**                                                Case No. 22-00487-als7
**and Amy L. Rasmussen,**

        Debtor(s)

**United States Trustee**                                         Adversary No. 22-30022-als
        Plaintiff(s)
  vs.

**Todd F. Rasmussen**
**and Amy L. Rasmussen,**

        Defendant(s)

**Motion for Sanctions (#19)**

**ORDER**
(Date entered on the docket: June 20, 2023)

Before the Court is the United States Trustee's (UST) Motion for Sanctions requesting that the Defendants' Answer be stricken and a default judgment entered against them. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. At the conclusion of the hearing conducted on May 4, 2023 the Court entered an order allowing the Defendants until June 2, 2023 to obtain counsel. That deadline has now passed and no appearance on their behalf has been filed. The issue is now ripe for decision pursuant to the Order entered at ECF No. 22. For the reasons stated the Motion is granted.

## BACKGROUND FACTS

Debtors Todd and Amy Rasmussen (Rasmussens) were represented by Attorney Jacob Kerns (Kerns) in a voluntary petition filed under chapter 7 of the bankruptcy code on May 9, 2022. The entry of discharge was scheduled to be entered on August 8, 2022.

On July 7, 2022 the UST filed a Motion to conduct a 2004 examination which was granted.[1] On July 11, 2022 the UST filed a Motion to Extend Time to Object to Discharge until September 22, 2022 and when no objections were filed an order was entered granting that request.[2] A timely adversary proceeding was filed by the UST on August 29, 2022 pursuant to 11 U.S.C. §727(A)(4)(A) for false oaths made by the Rasmussens in their case.

An Answer was filed simply stating that all claims are denied. One day later Kerns withdrew from representation in this adversary proceeding which the Court granted.[3] That Order directed the Rasmussens to obtain counsel or be prepared to proceed pro-se.[4] New counsel has not appeared on behalf of the Rasmussens in the adversary proceeding.

A scheduling order was entered[5] directing all discovery be completed by February 1, 2023. The UST served the Rasmussens with discovery, including Requests for Admissions, Interrogatories and Production of Documents on December 6, 2022. The Rasmussens did not respond. The UST again sent this discovery on January 31, 2023 and simultaneously filed a Motion to Amend Order seeking additional time for discovery which was granted.[6] The UST also sent a letter giving the Rasmussens until February 15, 2023 to respond. On February 6, Mr. Rasmussen acknowledged to the UST that they had received the discovery. On March 8th the

---

[1] Chapter 7 Case No. 22-00487, ECF Nos. 24 and 25.
[2] Chapter 7 Case No. 22-00487, ECF Nos. 28 and 31.
[3] ECF Nos. 7 and 8.
[4] ECF No. 8.
[5] ECF No. 9
[6] ECF Nos. 12 and 13.

UST filed a Motion to Compel Discovery.[7] She also filed another Motion to Amend the previous deadlines to provide the Rasmussens with yet more time to respond or to obtain counsel.[8] Both of these requests were granted.[9] The discovery deadline expired on March 20, 2023. Again, the Rasmussens failed to respond. The UST then filed this Motion for Sanctions.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 37, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7037, a party who fails to obey an order to provide or permit discovery may be subject to a default judgment against him." *Harmon Autoglass Intellectual Prop., LLC v. Leiferman (In re Leiferman)*, 428 B.R. 850, 853 (B.A.P. 8th Cir. 2010). A Bankruptcy Court finding that default judgment is an appropriate sanction should find that "there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001) (quoting *Keefer v. Provident Life & Accident Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000)). Further, "a court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and disregards court orders." *Valner v. O'Brien (In re O'Brien)*, 351 F.3d 832, 836 (8th Cir. 2003).

The UST acknowledges that default judgment is an extreme remedy, but without any response by the Rasmussens it has limited ability to move forward and effectively prosecute the case. The UST asserts the total failure to respond to the several requests and orders regarding the discovery and the established deadlines constitutes willful conduct and bad faith, making the remedy appropriate under the circumstances. Given the financial status of the Rasmussens the UST contends that a monetary sanction would not be collectible or constructive in this matter.

---

[7] ECF No. 14
[8] ECF 15.
[9] ECF Nos. 16 and 17.

At hearing the Rasmussens rely upon the fact that they are not lawyers to explain their conduct in this case, elaborating that they did not understand the process, their duty to respond to the multiple discovery requests or the ramifications of omissions of information from their schedules. They indicate that they informed Kerns that they were both conducting businesses. According the Rasmussens, Kerns told them that because Mr. Rasmussen's business was winding down and neither of the businesses were LLC's they should not worry about disclosing the information[10]. Rasmussens also report that Kerns never *specifically* asked them about particular business assets which is why those assets were not disclosed. This appears inconsistent with the schedules that reflect, albeit in a limited fashion, information about income and debts related to the business operations. Mrs. Rasmussen described their case as a "cookie cutter bankruptcy." Such a description, or belief, does not alleviate a debtor's duty to disclose all assets as required by the bankruptcy code.

The Rasmussens informed both the UST and the Court at the time of hearing that they have no financial means to hire a new lawyer and that the only lawyer they did contact had retired and would not take their case. The lack of counsel does not excuse the Rasmussens from following the rules or Court orders as applied to all litigants. *In re Leiferman* citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673 (N.D. Iowa 1995).

The allegations in the complaint go to the basic tenant of the purpose of bankruptcy which is providing a discharge for the honest but unfortunate debtor. A bankruptcy filing demands transparency and honesty in the disclosure of assets. As noted by the UST, and in the

---

[10] The UST represented that Rasmussens' bankruptcy counsel was contacted to determine whether an advice of counsel defense was going to be pursued in the adversary proceeding. After this conversation the Marks Law Firm apparently determined it had a conflict and told the Rasmussens they would need to find new counsel. On March 23, 2023, Jacob Kerns withdrew as counsel in the main case (ECF 35). On that same date an appearance was filed naming Samuel Marks as counsel for the Rasmussens (ECF-34).

complaint, the failure to disclose goes beyond just a few business assets. Multiple omissions include interests and assets in two operating businesses; sources of income; bank accounts and digital accounts; numerous items of personal property – including tools of the trade; trailers, firearms, and electronics. Despite these deficiencies the Debtors signed the schedules under penalty of perjury and confirmed the information as being true at the time of their 341 meeting.

There are a multitude of cases directly on point that support the UST's position. The facts of many of those cases detail longer delays than what occurred in this case. There is no defined time limit governing whether or not a court can address relief on a Motion for Sanctions for abuses of discovery. Here, the Court concludes that the Rasmussens ongoing pattern of failing to comply in responding to the discovery requests is sufficient to grant the UST's request. As explained by the UST, there is no need to prolong entry of judgment at this time against the Rasmussens because their failure to deny the request for admissions would support entry of judgement against them.[11] The Court agrees. The Eighth Circuit recognizes that "[u]nanswered requests for admissions render the matter requested conclusively established for the purpose of that suit." *Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973).

The discovery was originally served in December 2022; an order compelling discovery has been on file since March 10, 2023. The Rasmussens have had ample time to respond to the discovery or to obtain counsel. No factual or legal justification exists to excuse the violation of the Court's Order compelling discovery responses. As such, striking the Answer and entry of default judgment is appropriate.

---

[11] The Court clarifies the statement made on the record related to the effect of failing to deny the request for admissions: Failure to deny the request for admissions results in those facts being deemed admitted.

**It is hereby ordered:**

1. The Defendants Answer at ECF No. 6 is stricken; and

2. Default Judgment denying the Defendants' discharge shall be entered.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this order from the Clerk of Court:
☒ Electronic Filers in this Adversary Proceeding
☒ Everyone in this Adversary Proceeding
☒ Others: Todd Rasmussen and Amy Rasmussen